IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| MYESHA OSBEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-16-49-R |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION

Myesha Osbey (Plaintiff) brings this action for judicial review of the Defendant Acting Commissioner of Social Security's (Commissioner) final decision that she was not "disabled" under the terms of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Doc. 3.

After a careful review of the record, the parties' briefs, and the relevant authority, the undersigned recommends the entry of judgment reversing the Commissioner's final decision and remanding the matter for further proceedings. *See* 42 U.S.C. § 405(g).

I.   **Administrative determination.**

   A.   **Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just h[er] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

   B.   **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

### C. Relevant findings.

#### 1. Administrative Law Judge (ALJ) findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis and concluded Plaintiff had not met her burden of proof. AR 11-31; *see* 20 C.F.R. §§ 404.1520(a)(2), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). Specifically, and relevant to this action, the ALJ found Plaintiff:[1]

(1) was severely impaired by first, cognitive disorder, second, by mood disorder, not otherwise specified, due to a general medical condition, third, by general anxiety disorder and PTSD, and fourth, by avoidant personality disorder;

(2) did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(3) had the residual functional capacity[2] (RFC) to perform simple tasks in a habituated work setting and to have superficial contact with co-workers and supervisors, but no public contact;

(4) was unable to perform any past relevant work;

(5) was able to perform jobs existing in the national economy; and so,

---

[1] Plaintiff's claim of error on judicial review implicates only the ALJ's findings regarding mental impairments. This report, then, does not address the record evidence of Plaintiff's physical impairments or the ALJ's findings as to those impairments.

[2] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

(6) had not been under a disability, as defined in the Social Security Act, from March 11, 2012—her amended alleged onset of disability date—through September 17, 2014, the date of the ALJ's decision.

AR 11-31.

### 2. Appeals Council action.

The Social Security Administration's (SSA) Appeals Council found no reason to review that decision, so the ALJ's decision is the Commissioner's final decision in this case. *Id.* at 1-4; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final "decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied." *Mays v. Colvin*, 739 F.3d 569, 571 (10th Cir. 2014) (internal quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v.*

4

*Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (internal quotation marks omitted).

**B.    Issue for judicial review.**

Plaintiff contends "the ALJ improperly rejected the opinion, regarding [her] mental functioning limitations, of the state agency doctor who reviewed her medical record." Doc. 14, at 18.

**C.    Analysis.**

    **1.    The State agency psychological consultant's opinion evidence.**

Plaintiff filed her claims for Social Security benefits and payments on July 19, 2011, alleging she had been disabled since November 1, 2008. AR 9. Then, at her administrative hearing before the ALJ, Plaintiff—through counsel—amended her alleged onset of disability date to March 11, 2012. *Id.* at 9, 36.

Previously, on November 21, 2011, Janice B. Smith, Ph.D., a State agency psychological consultant, had completed forms documenting certain opinions and findings she made at the initial level of the administrative process:  (1) a Psychiatric Review Technique (PRT), *id.* at 564-77, and (2) a Mental Residual Functional Capacity Assessment (MRFCA), *id.* at 560-63, in which she assessed Plaintiff's limitations resulting from the mental impairments identified in the PRT.

In the space provided in the PRT for the State consultant's notes, Dr. Smith documented the evidence which, to date, substantiated the presence of Plaintiff's mental disorders. *Id.* at 576. She noted, "Claimant appears to be able to do simple work without public contact." *Id.* Then, in the MRFCA, she made this assessment of Plaintiff's functional capacity:

> Claimant is able to understand, remember, and carry out simple one- and two-step tasks, but not more detailed or complex tasks, under routine supervision. She is able to complete a normal work day and work week from a mental standpoint, and she can adapt to a work setting. She cannot relate effectively to the general public, but she can relate superficially to coworkers and supervisors to accomplish work goals.

*Id.* at 562.

### 2. Plaintiff's argument.

Plaintiff acknowledges the hearing decision in this case reflects that the ALJ both considered and weighed Dr. Smith's opinion. Doc. 14, at 20. Specifically, the ALJ stated he "g[a]ve great weight to the opinion" and "attempted to integrate [it] into [Plaintiff's RFC] assessment . . . ." AR 29. Nonetheless, Plaintiff submits the ALJ's assessment that she retained the capacity to perform simple tasks in a habituated work setting was, in fact, a rejection of "Dr. Smith's opinion that [she] could only perform 'simple one- and two-step tasks, but not more detailed or complex tasks, under routine supervision' since the RFC did not contain or address these specific limitations." Doc. 14, at 20-21. She maintains "[t]he ALJ failed to provide

6

any reason for his rejection of this vital portion of Dr. Smith's opinion" and, so, "the ALJ's consideration of Dr. Smith's opinion was completely erroneous in this regard." *Id.* at 21.

### 3. Legal standards.

"It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions," including the opinions of state agency medical consultants. *Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1161 (10th Cir. 2012). "If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] *must* explain why the opinion was not adopted." SSR 96-8p, at *7, 1996 WL 374184 (July 2, 1996) (emphasis added).

### 4. The ALJ committed legal error by failing to explain why he did not adopt Dr. Smith's conflicting opinion of Plaintiff's RFC.

The ALJ grounded his assessment of Plaintiff's mental RFC on the opinion evidence Larry Vaught, Ph.D., a consultative examiner, provided in a February, 2014 mental medical source statement. AR 28. Giving Dr. Vaught's opinion "greatest weight," the ALJ found Plaintiff retained the capacity "to do simple tasks in a habituated work setting," *id.* at 28, 22, and informed the Vocational Expert (VE) that "a habituated work setting means[s] she's not having to do a lot of changing, does basically the same thing day in and day out . . . ." *Id.* at 63. The ALJ's assessment, as

7

explicated, of "the most [Plaintiff] can still do despite [her] limitations," 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), restricted Plaintiff to work requiring her to perform simple, repetitive tasks, but it did not *further* restrict her—as Dr. Smith had opined it must—to work where she would be expected to only "understand, remember, and carry out simple one- and two-step tasks, *but not more detailed* or complex *tasks* . . . ." AR 562 (emphasis added).

Because the ALJ's assessment of Plaintiff's RFC was at odds with Dr. Smith's opinion, the SSA required him to explain why he did not adopt that more restrictive opinion. *See* SSR 96-8p, at *7. But instead of addressing the disparity between his RFC assessment and Dr. Smith's opinion and then providing the compulsory explanation, the ALJ attempted to reconcile Dr. Smith's opinion with Dr. Vaught's and imply that he *had* adopted the opinion by Dr. Smith:

> In reaching these conclusions regarding the severity of [Plaintiff's] impairments and the resulting constriction of her residual functional capacity, I have also considered the medical source opinions by State medical examiners. On November 21, 2011, the State agency psychological consultant, Janice B. Smith, Ph.D., opined as follows. [Plaintiff] is able to understand, remember, and carry out simple one- and two-step tasks, but not more detailed or complex tasks . . . . (Exhibit B18F). I give great weight to the opinion of the State agency psychological consultant. Although she was a non-examining physician, she based her opinion on a review of [Plaintiff's] medical records and a review of [Plaintiff's] consultative examination. Dr. Smith's opinion, in terms of [Plaintiff's] mental limitations, is consistent with and supported by the medical evidence in this case, and I give it great weight. Dr. Smith's November 2011 opinion does not

8

> conflict with the later opinion of Dr. Vaught. Thus, I have attempted to integrate Dr. Smith's opinion into [Plaintiff's] residual functional capacity assessment . . . .

AR 28-29.

The ALJ did not succeed in his "attempt[]." *Id.* at 29. He purported to accept Dr. Smith's opinion but, demonstrably, did not incorporate it into Plaintiff's RFC, *id.* at 22, and committed legal error in failing to explain why he did not do so.

### 5. Effect of the ALJ's legal error.

Plaintiff contends the ALJ's error "was harmful . . . because the ALJ found at step five that [Plaintiff] could perform jobs which required R2 reasoning levels and, thus, required the performance of at least detailed instructions." Doc. 14, at 21.

In the Tenth Circuit, the ALJ must "address [a] conflict between Plaintiff's inability to perform . . . tasks and the [reasoning] level . . . required by the jobs identified as appropriate for her by the VE." *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). Here, each of the jobs identified by the VE and relied on by the ALJ to support his step five decision has a reasoning level two designation. AR 30-31. As noted in *Hackett*, "level-two reasoning requires the worker to '[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions [and d]eal with problems involving a few concrete variables in or from standardized situations.'" 395

F.3d at 1176 (emphasis added) (quoting the Dictionary of Occupational Titles (DOT), App. C, § III). In contrast, in performing reasoning level one work, Plaintiff would only be expected to "[a]pply commonsense understanding to carry out simple one- or two-step instructions [and d]eal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT, App. C, § III.

The ALJ failed to provide a reviewable explanation for what amounted to his rejection of Dr. Smith's opinion that Plaintiff retained the capacity only to perform simple one- and two-step tasks, but not more *detailed* tasks—that is, work consistent with level-one reasoning development. As a result, this Court cannot determine whether the reasoning level two jobs the ALJ relied on at step five are appropriate and, thus, provide substantial evidentiary support for that decision.[3] A remand for further proceedings is necessary.

### III. Recommendation and notice of right to object.

The undersigned recommends the entry of judgment reversing the Commissioner's final decision and remanding the matter for further proceedings.

---

[3] Notably, the Tenth Circuit has recently observed that "the Eighth Circuit has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning." *Paulek v. Colvin*, No 16-1007, 2016 WL 5723860, at *4 (10th Cir. Oct. 3, 2016) (unpublished op.).

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of Court by February 6, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 17th day of January, 2017.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE